UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAULA HAGEMEYER and BRUCE HAGEMEYER,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　Defendant. | NO. CV-04-3061-RHW<br><br>**ORDER DENYING JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER** |

Before the Court is the Parties' Joint Motion for Entry of Protective Order (Ct. Rec. 19). The motion was heard without oral argument.

## DISCUSSION

Plaintiffs request an unredacted version of the report prepared by the United States Forest Service, a component of the United States Department of Agriculture ("USDA"), of the administrative investigation of the performance of Forest Service personnel in suppressing the Thirtymile Fire, which occurred in 2001 in Winthrop, Washington. The parties move the Court to enter a protective order that allows the parties to designate as "confidential information" portions of the report which contain references to employees by name, job title, or other means, as well as provisional conclusions as to such employees' performance. Further, the parties request that any future documents containing confidential information derived from these records be marked "subject to protective order." Once the information or a document receives such a designation, it is subject to the special rules set forth

ORDER DENYING JOINT MOTION FOR
ENTRY OF PROTECTIVE ORDER * 1

in the protective order that covers the dissemination and use of the specified document or information. The proposed protective order also states that if the designated material is to be included in any papers filed with the Court, it must be filed under seal until further order from the Court. Additionally, the proposed protective order provides for the return of all copies of records subject to it and any confidential information to be returned to Defendant upon conclusion of the matter.

Generally, the manner in which the parties agree to manage the dissemination and use of the information between themselves during the discovery process does not cause the Court concern. The parties' proposed protective order, however, does more than manage the dissemination and use of certain materials during the discovery process. This proposed order attempts to restrict the access of the public to documents that would be part of court proceedings and, as such, requires the Court to inquire further into whether the proposed protective order impedes the public's common law right to access court proceedings and the First Amendment's protection of the same.

Generally, the public should be allowed access to litigation documents and information produced during discovery unless the party opposing disclosure shows "good cause" why a protective order is necessary. *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002); *see also San Jose Mercury News, Inc. v. United States Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown."); *In re Agent Orange Product Liability Litig.*, 821 F.2d 139, 145 (2d Cir.1987) ("[I]f good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public.").

On the other hand, Federal Rule of Civil Procedure 26(c) gives district courts broad latitude to grant protective orders to prevent disclosure of many types

of information. *Phillips*, 307 F.3d at 1211 (noting that Rule 26(c) authorizes district courts to issue "*any* order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden.") (emphasis in original)  Rule 26(c) requires that the party asserting good cause bear the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted. *Foltz v. State Farm Mut. Auto. Insur. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).

     Even if the Court were to find that "good cause" exists, it still must consider the public's common law right of access.  The public has a federal common law right of access to all information filed with the Court, which in turn "'creates a strong presumption in favor of access' to judicial documents which 'can be overcome' only by showing 'sufficiently important countervailing interests.'" *Phillips*, 307 F.3d at 1212 (quoting *San Jose Mercury News, Inc. v. United States Dist. Court*, 187 F.3d 1096, 1102 (9th Cir. 1999)).  In deciding whether sufficient countervailing interests exist, courts are directed to look to the "'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Id.* at 1213 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1999)).  Under Ninth Circuit precedent, the federal common law right of access does not apply to documents filed under seal, unless the document is attached to a dispositive motion. *Id.*[1] ; *Foltz*, 331 F.3d at 1136 (holding that the presumption of access is not rebutted where documents subject to

---

[1] In *Phillips*, the Circuit recognized that in the case of nondispositive filings in which a document is filed under seal, the court has presumably already decided that the document deserved protection.  Applying a strong presumption of access to the document would "undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders." *Phillips*, 307 F.3d at 1213.

ORDER DENYING JOINT MOTION FOR
ENTRY OF PROTECTIVE ORDER * 3

1  a protective order are filed under seal as attachments to a dispositive motion).  In
2  this case, the Court is hesitant to enter a blanket protective order that requires
3  documents to be filed under seal, which would then trump the common law right to
4  access, without a specific showing of good cause.

5        In addition, when deciding whether to enter a blanket protective order, the
6  Court also must consider the public's First Amendment rights.  Under the First
7  Amendment, the public has a presumed right of access to court proceedings and
8  documents.  *Oregonian Pub'g Co. v. United States Dist. Court for Dist. of Oregon*,
9  920 F.2d 1462, 1465 (9th Cir. 1990).  This presumed right can be overcome only
10 by an overriding right or interest "based on findings that closure is essential to
11 preserve higher values and is narrowly tailored to serve that interest."  *Id.* (quoting
12 *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1985)).  "The interest
13 is to be articulated along with findings specific enough that a reviewing court can
14 determine whether the closure order was properly entered."  *Id.*

15       Given both the public's common law right to access and the public's First
16 Amendment right of access to court proceedings and documents, the Court declines
17 to exercise its discretion to enter a protective order in this case which would
18 require documents to be filed under seal without a proper showing of good cause.
19 *See Foltz*, 331 F.3d at 1131 (commenting on the fact that blanket protective orders
20 make appellate review difficult).

21       Accordingly, **IT IS HEREBY ORDERED:**
22       1. The parties' Joint Motion for Entry of Protective Order (Ct. Rec. 19) is
23 **DENIED**.
24 ///
25 ///
26 ///
27
28

ORDER DENYING JOINT MOTION FOR
ENTRY OF PROTECTIVE ORDER * 4

1  **IT IS SO ORDERED.** The District Court Executive is hereby directed to
2  enter this order and to furnish copies to counsel.
3  **DATED** this 23rd day of January, 2006.

s/ Robert H. Whaley

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2004\Hagemeyer\prot.ord.wpd

ORDER DENYING JOINT MOTION FOR
ENTRY OF PROTECTIVE ORDER * 5