UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

PAULA HAGEMEYER and
BRUCE HAGEMEYER,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA,

    Defendant.

NO. CV-04-3061-RHW

**ORDER DENYING WITNESSES' MOTIONS FOR PROTECTIVE ORDER**

Before the Court are Motions to Shorten Time (Ct. Recs. 24 & 27) and Motions for a Protective Order (Ct. Recs. 25 & 28) from non-party movants John Newcom and Peter Soderquist. The motions were heard without oral argument.

## DISCUSSION

This case arose from injuries Plaintiffs suffered as a result of the Thirtymile Fire near Winthrop, Washington, in 2001. Plaintiffs are suing the federal government for negligence in its handling of the fire. Plaintiffs seek to depose witnesses John Newcom and Peter Soderquist in early February. Witnesses Newcom and Soderquist seek protective orders quashing Plaintiffs' Notices of Deposition or, in the alternative, limiting the scope of Plaintiffs' questioning during the depositions pursuant to Federal Rule of Civil Procedure 26(c).

The witnesses claim, upon information and belief, that Plaintiffs seek deposition testimony from them for the purpose of establishing culpable conduct on the part of the witnesses and/or their employer, Defendant. The witnesses claim

ORDER DENYING WITNESSES' MOTIONS FOR PROTECTIVE ORDER \* 1

that, concurrent with this civil proceeding, the United States Attorney's Office for the Eastern District of Washington is actively pursuing a criminal investigation into the deaths of four firefighters as a result of the Thirtymile Fire. Presumably, the purpose of the criminal investigation is also to identify potentially culpable conduct on the part of individuals involved in the Government's response to the fire. In their response to the witnesses' motions, Plaintiffs contend that there is no real and substantial danger of criminal prosecution.

The witnesses are concerned that the deposition testimony sought by Plaintiffs may impact their Fifth Amendment privilege against self-incrimination as a result of the concurrence of the deposition with the ongoing criminal investigation. Although courts do have the power to stay discovery and/or limit its scope under Federal Rule of Civil Procedure 26(c), cases cited by the witnesses as authority supporting this proposition involve requests for stays and protective orders by parties to the litigation, not witnesses. *See Wehling v. Columbia Broadcasting Sys.*, 608 F.2d 1084, 1089 (5th Cir. 1979) (plaintiff filed request to stay further discovery); *S.E.C. v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (stating that a court may "stay civil proceedings, postpone civil discovery, or impose protective orders and conditions" at the request of the parties).

The Fifth Amendment privilege against self-incrimination is uniquely compromised when a party to litigation must choose between asserting the privilege and pursuing or defending his position in on-going litigation. *See Wehling*, 608 F.2d at 1089 (finding a stay in proceedings was the appropriate remedy instead of "requiring plaintiff to choose between his silence and his lawsuit"). The choice between Scylla and Charybdis does not confront the witnesses here; instead, they may simply assert their Fifth Amendment privilege when they are asked questions they deem require self-incriminating answers. *See Chavez v. Martinez*, 538 U.S. 760, 771-72 (2003) (explaining that a witness' Fifth

ORDER DENYING WITNESSES' MOTIONS FOR PROTECTIVE ORDER * 2

Amendment privilege against self-incrimination in a non-criminal case may be asserted before commencement of criminal proceedings). If the parties wish to compel the witnesses' testimony over this privilege, and Plaintiffs' response to the witnesses' motion indicates they shall, they may file a motion to compel with the Court. At that time, the Court may more accurately assess the extent of the privilege and the incriminating character of the testimony sought.

Accordingly, **IT IS HEREBY ORDERED:**

1. Witness Newcom's Motion to Shorten Time for Consideration of Movant Newcom's Motion for Protective Order Quashing Plaintiff's Notice of Deposition (Ct. Rec. 24) is **GRANTED**.

2. Witness Newcom's Motion of Non-Party Movant John Newcom for a Protective Order Quashing Plaintiffs' Notice of Deposition (Ct. Rec. 25) is **DENIED**.

3. Witness Soderquist's Motion to Shorten Time for Consideration of Movant Soderquist's Motion for Protective Order Quashing Plaintiffs' Notice of Deposition (Ct. Rec. 27) is **GRANTED**.

4. Witness Soderquist's Motion of Non-Party Movant Peter Soderquist for a Protective Order Quashing Plaintiffs' Notice of Deposition (Ct. Rec. 28) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and to furnish copies to counsel.

**DATED** this 30th day of January, 2006.

s/Robert H. Whaley
ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2004\Hagemeyer\witness.prot.ord.wpd

ORDER DENYING WITNESSES' MOTIONS FOR PROTECTIVE ORDER * 3